IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Coleen Brown,

       Plaintiff,

  v.                              Case No. 2:05-cv-141

Saxon Mortgage Services,
Inc.,

       Defendant.

OPINION AND ORDER

This is an action asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. Plaintiff alleges that she executed an adjustable rate mortgage note on December 28, 2000, granting Fidelity Mortgage, Inc., a mortgage on her residence. Complaint, ¶ 5. Plaintiff further alleges that on September 25, 2001, the note and mortgage were assigned to Wells Fargo Bank Minnesota, N.A., and that defendant Saxon Mortgage Services, Inc., became the servicing agent for Wells Fargo Home Mortgage. Complaint, ¶ 6. In Count I of the complaint, plaintiff alleges that defendant is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6), and that defendant engaged in misrepresentation and abusive collection practices in attempting to collect the payments due on plaintiff's mortgage in violation of the FDCPA. In Count II of the complaint, plaintiff asserts a claim for negligence under Ohio law, alleging that defendant negligently administered the loan account.

On August 16, 2005, defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). Where a defendant raises the issue of lack of subject

matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss.  DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack is a challenge to the sufficiency of the complaint, and in considering the motion the court must take the material allegations of the complaint as true and construed in the light most favorable to the nonmoving party.  Id.  See also Jones, 175 F.3d at 413;  Ohio National Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction.  No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  Ritchie, 15 F.3d at 598; Moir, 895 F.2d at 269.  A Rule 12(b)(1) motion, when accompanied by evidentiary support, is not converted into a motion for summary judgment, and the court is empowered to resolve factual disputes. Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986).  The district court has wide discretion to consider affidavits and documents in resolving disputed jurisdictional facts.  Ohio National Life Ins., 922 F.2d at 325. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the

plaintiff has the burden of proving that the court has jurisdiction over the subject matter." Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

The motion to dismiss filed by defendant involves both facial and factual attacks.  Defendant argues that the allegations in the complaint are insufficient to allege that the defendant is a "debt collector" within the meaning of the FDCPA.  Defendant has also submitted an affidavit in support of its contention that plaintiff cannot factually establish that defendant is a "debt collector."

The definition of "debt collector" under the FDCPA is contained in 15 U.S.C. §1692a(6), and reads in part as follows:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

However, the definition goes on to state:

> The term [debt collector] does not include–
>
> * * *
>
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person[.]

15 U.S.C. §1692a(6)(F)(iii).  In light of this exclusion, the Sixth Circuit has held that a debt collector does not include the assignee of a debt, as long as the debt was not in default at the time it was assigned.  Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 106-07 (6th Cir. 1996)(citing Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).  See also, Montgomery v.

3

Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003)(defendant bank was not a debt collector where debt was not in default when bank acquired debt).

Plaintiff alleges in her complaint that she "was in substantial compliance with the aforesaid note and mortgage" from February, 2001 through March 2003, but that between March, 2003, and August, 2003, a third party caused certain mortgage payment-related checks to be returned for insufficient funds on two occasions. Complaint, ¶ 7. Plaintiff further alleges that plaintiff made arrangements with defendant to cure the payment deficiencies and sent defendant $5,000, but that after the payment of the $5,000, defendant refused any further payments and caused the loan to default. Complaint, ¶ 8. The complaint fails to allege exactly when defendant became the servicing agent on the loan. The complaint also does not allege when the loan was deemed to be in default, nor does it allege that the loan was in default when the defendant became the servicing agent.

Plaintiff argues that the use of the language "substantial compliance" is sufficient to allege that the loan was in default. However, the complaint does not explain what is meant by "substantial compliance." The term "substantial compliance" would more commonly be understood as indicating that some minor or insignificant failure to comply with payment terms occurred at some point which was insufficient to warrant a declaration of default by the creditor. In addition, the alleged period of "substantial compliance" spans over two years. The complaint does not allege whether the unspecified deficiency which turned strict compliance into substantial compliance occurred before or after defendant

4

became the servicing agent.

Even speculating that the term "substantial compliance" means that plaintiff did not strictly comply with the terms of the loan in some way, for example, by making a late payment, this language is not sufficient to allege that the loan was in default from February, 2001, through March, 2003.  "In applying the FDCPA, courts have repeatedly distinguished between a debt that is in default and a debt that is merely outstanding, emphasizing that only after some period of time does an outstanding debt go into default."  Alibrandi v. Financial Outsourcing Services, 333 F.3d 82, 86 (2d Cir. 2003).  See Jones v. Intuition, Inc., 12 F.Supp.2d 775, 779 (W.D.Tenn. 1998)("Prior to the default period, the unpaid loan installment is considered delinquent.")  Thus, in Alibrandi, the court rejected the argument that default occurs immediately after payment becomes due, stating that until Congress defines "default" by statute, "the interests of debtors, creditors, collectors, and debt service providers will best be served by affording creditors and debtors considerable leeway contractually to define their own periods of default, according to their respective circumstances and business interests."  Alibrandi, 333 F.3d at 87 and n. 5.  The factual allegations in the complaint are insufficient to allege that defendant is a "debt collector" within the meaning of the FDCPA, and thus plaintiff has failed to assert a federal claim.

In addition, defendant has submitted the affidavit of Senior Vice President Melanie Colton, the custodian of defendant's accounts.  Ms. Colton states in her affidavit that defendant first began servicing plaintiff's note and mortgage on March 16, 2001,

and continued to service the note and mortgage through and after the first date of plaintiff's default, which occurred on March 17, 2004. This evidence establishes that defendant began servicing plaintiff's loan three years prior to the loan being declared in default. The court notes that this evidence is not contradicted by any of the allegations in the complaint. Plaintiff has submitted no evidence to refute defendant's contention and evidence that it is explicitly excluded from the definition of "debt collector" under the statute. The court finds that the evidence submitted by defendant is reliable and credible, and that this evidence establishes that the defendant falls within the statutory exclusion found in §1692a(6)(F)(iii). Plaintiff has failed to meet her burden of submitting evidence sufficient to show the existence of subject matter jurisdiction under the FDCPA, and defendant's motion to dismiss the FDCPA claim is well taken.

Since this court has concluded that plaintiff's FDCPA claim must be dismissed, this court may decline to exercise jurisdiction of plaintiff's state law negligence claim. See 28 U.S.C. §1367(c)(3); Saglioccolo v. Eagle Ins. Co., 112 F.3d 226 (6th Cir. 1997); Taylor v. First of America Bank-Wayne, 973 F.2d 1284, 1287 (6th Cir. 1992)(if federal claims are dismissed before trial, the state claims generally should be dismissed as well). This action is in the early stages, and dismissal of plaintiff's state law claim would not raise significant concerns regarding judicial economy. The state courts would be well equipped to address the issues presented by plaintiff's negligence claim. Therefore, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

In accordance with the foregoing, defendant's motion to dismiss plaintiff's FDCPA claim for lack of subject matter jurisdiction is granted, and that claim is dismissed. Plaintiff's state law negligence claim is dismissed without prejudice.

Date: November 29, 2005            s\James L. Graham
                                   James L. Graham
                                   United States District Judge